B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of South Carolina

In re **Carole Haire Coleman**  
Debtor(s)

Case No. _____  
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept $ **4,000.00**  
   Prior to the filing of this statement I have received $ **250.00**  
   Balance Due $ **3,750.00**

2. $ **313.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor   ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Mortgage Loan Loss Mitigation and Modification Applications:**
   -Judge Burris - $1,500.00
   - Judge Duncan - $1,500.00;
   - Judge Waites - $1,700.00 for Portal Process; or $300.00 for Non-Portal

   Add Creditors after signing and before bar date $50.00
   Additional services not separately itemized and excluded in fee agreement $150.00 hr. atty.
   Additional services not separately itemized and excluded in fee agreement $75.00 hr. paralegal
   Address Changes $50.00
   Adversary proceedings EXCLUDED AND NEGOTIATED
   Amendments due to incomplete or inaccurate information from Debtor $120.00 per item
   Appeals EXCLUDED AND NEGOTIATED
   Application for Settlement $150.00
   Application to Employ $150.00
   Attend hearing on motion to reconsider $200.00
   Consent Order Approving Loan Modification $250.00
   Consent Order Lifting Stay to Proceed in Family Court $250.00
   Continuation of First Meeting of Creditors $50.00
   Conversion to Chapter 13 NEGOTIATED
   Convert to Chapter 7 $550.00
   Creditor Violation Letter $50.00
   Defense of Motion for Relief from Automatic Stay (no hearing) $300.00
   Defense of Motion for Relief from Automatic Stay no ins. w/o hrg $125.00
   Defense of Motion for Relief from Automatic Stay with hearing $400.00
   Defense of Motion to Dismiss by Creditor after confirmation $200.00

In re   **Carole Haire Coleman**                                    Case No.  _____

                            Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
## (Continuation Sheet)

**Defense of Trustee's Petition to Dismiss $200.00**
**Drafting Reaffirmation Agreement $250.00**
**Filing claim for creditor $200.00**
**Forwarding third party correspondence and statements $50.00**
**Mail Letter $50.00**
**Mailing costs to serve creditors $1.00**
**Moratorium (temp suspension of bankruptcy payments) $250.00**
**Motion Establish Tax Claim  $350.00**
**Motion reinstate stay $350.00**
**Motion Substitute Attorney $150.00**
**Motion to Abandon Property $150.00**
**Motion to incur debt (real estate complex)  $150.00 hr atty.**
**Motion to incur debt (real estate w/o lien avoidance) $150.00 hr atty.**
**Motion to Reconsider Dismissal for non-payment $250.00**
**Motion to reinstate the case $250.00**
**Motion to sell personal property $250.00**
**Motion to sell real property $400.00**
**Motion to Substitute Collateral $350.00**
**Motion to incur debt (personal property )  $350.00**
**Notice of Appearance $150.00**
**Objection to creditor claim $300.00**
**Plan Modification after confirmation $350.00**
**Resolution of Petition to Dismiss prior to hearing $150.00**
**Resumption of Payment Order $350.00**
**Services not related to bankruptcy case EXCLUDED AND NEGOTIATED**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **February  6, 2022** | **/s/ David C. Gaffney** |
| Date | **David C. Gaffney 10112** |
| | *Signature of Attorney* |
| | **Gaffney Law Firm, P.A.** |
| | **P.O. Box 3966** |
| | **West Columbia, SC 29171-3966** |
| | **803-781-0500  Fax: 803-454-9900** |
| | **david@gaffneylawfirm.com** |
| | *Name of law firm* |

Date  **February  6, 2022**          Signature  **/s/ Carole Haire Coleman**   *carole coleman*
                                                **Carole Haire Coleman**
                                                Debtor

## REPRESENTATION AND FEE AGREEMENT

**THIS AGREEMENT** is made by and between: David Gaffney also doing business as Gaffney Law Firm, P.A. ("Attorney"), David Gaffney and Client named below ("Client").

**ONE**: **MATTER**. Client hereby retains and employs Attorney to represent him/her in: Chapter 13 Bankruptcy. Client agrees that Attorney has been engaged only for the above matter and no other matters unless agreed to in writing.

**TWO**: **CLIENT RESPONSIBILITIES.** Client must fully cooperate with Attorney and provide all information relevant to the issues involved in this matter.

**THREE**: **NO GUARANTEE.** Attorney agrees to provide conscientious, competent and diligent services at all times and will seek to achieve solutions which are just and reasonable for Client.  However, because of the uncertainty of legal proceedings, the interpretation and changes in the law and many unknown factors, Attorney cannot and does not warrant, predict or guarantee results or the final outcome of any case. Client understands that bankruptcy law changes may affect Client's case and may prevent Client from filing if changes occur before the case is filed.

**FOUR**: **AUTHORITY**. Client empowers Attorney to take all legal action and to provide all legal services deemed necessary and advisable by Attorney in this matter, including obtaining credit reports.  Attorney may associate other counsel as deemed necessary.  Attorney may, only as allowable according to and in accordance with applicable rules, withdraw from representing Client.  Client may discharge Attorney at any time by written notice.  Attorney shall be entitled to all fees earned and costs incurred to date notwithstanding said discharge by Client. Payment of all costs and fees shall be made before Attorney releases file.  There is no representation provided for Client until the minimum retainer fees are paid as shown below.

**FIVE: PROFESSIONAL FEES and COSTS** (FOR BASIC CASE)

| | |
|---|---|
| Attorney Fee shall be the sum of: ……………………………………….....………. | $ 4,000.00 |
| Credit Report Fees, etc.: ……………………………………………………………….. | $     37.00 |
| Bankruptcy Court Filing Fee: Ch. 7 ($335); Ch. 13 ($310) …………………………. | $   313.00 |

TOTAL ATTORNEY, COSTS AND FILING FEES ………………………………….. $  4,350.00

<u>**Minimum Fee Required to File**            …………………………………………………...  **$     600.00**</u>

Estimated balance due – to be paid to trustee over 36 to 60 months of Chapter 13 plan ……  $   3,750.00

**<u>NO CHECKS ACCEPTED – CASH, MONEY ORDERS, OR PAYPAL ONLY PLEASE!</u>**

**ALL ATTORNEY, COSTS, AND FILING FEES MUST BE PAID AS LISTED BELOW. ATTORNEY FEES FOR BASIC CASE ARE "FLAT FEES", AND THUS ARE CONSIDERED EARNED IMMEDIATELY UPON RECEIPT, AND CLIENT AGREES THAT PAYMENT OF ANY PORTION OF THE FLAT FEE IS NON-REFUNDABLE, IN WHOLE, OR IN PART, FOR ANY REASON. MINIMUM FEE IS $200.00 PER HOUR IF NO FLAT FEE THAT IS AGREED UPON IS PAID, PLUS COSTS AND EXPENSES.**

**There are no additional fees for the basic case, unless additional services/costs become necessary beyond the basic case as explained below, or as contained in a written supplemental fee schedule, however, there will be an additional charge of at least $500 if any property is repossessed and client wants to regain possession, or client fails to pay in full and/or fails to provide all requested information within ten (10) business days of a foreclosure sale. If Client is paying monthly payments toward the filing, Client agrees that if no payments are made for two consecutive months, Attorney may close Client's file without further notice to Client and take no further action in Client's case and Client understands and agrees that there are no refunds given, regardless of whether the bankruptcy petition is ever filed.**

**SIX**: For the above-stated fees, Attorney agrees to consult with Client in order to analyze case, prepare and file petition for relief and schedules if appropriate, prosecute any lien avoid or value motions (ch. 13 only), attend the first meeting of creditors and confirmation hearings (if necessary), and consult with Client for one follow up advisory conference. All representation ends upon the earlier of: withdrawal by Attorney due to non-payment or non-cooperation by client, futility, or discharge/dismissal of bankruptcy case. Client understands that their file may be destroyed without further notice to them six years after file is closed.

**SEVEN**: The fee will NOT include any representation other than listed above, including, but not limited to, credit-bureau reporting issues, revisions to schedules due to outdated or incorrect information provided by client, amendments, Rule 2004 hearings, motions to modify the automatic stay, any objections, motions to dismiss or convert, adversary proceedings, modification of plan, release of property motion, moratorium, audits, trials or appeals. Fees for these additional services not included in the basic fee may require an additional retainer to be paid and will be billed to Client at $200.00 per hour for all time spent in negotiation or pursuing the objectives of Client, and for all other time (such as conferences, telephone calls, preparing legal papers and letters, gathering or reviewing evidence, legal research, etc.) and $250.00 per hour for all court hearings. If additional services are necessary, Client agrees to pay Attorney a retainer in the amount determined by Attorney, and Client has no expectation of Attorney representation in these additional matters until Client has paid an additional retainer. In the event that Client fails to pay a retainer within ten (10) days of request by Attorney, or if any fees remain unpaid under this agreement and no payments having been made for 90 days, Client hereby agrees, in advance, to grant Attorney to withdraw from Client's case. Expenses such as long distance, copies (including making copies of client's file to give to client), mileage, facsimile and postage charges may be added to Client's bill if Attorney determines excessive costs are incurred because of Clients' case in an amount to be determined by Attorney. Client agrees that Attorney may adjust allocation of fees paid and/or proof of claims filed in the case to reflect work on other matters if applicable.

**EIGHT:** For any time and expenses beyond the retainer, billings shall be rendered at the end of the month with payment due by the fifteenth (15th) of the following month. Past due balances shall be assessed 1-1/2% service charge per month and all costs of collection, including reasonable attorney fees shall be assessed to Client. Client agrees to pay all outstanding fees and/or costs before Attorney releases file to Client, should Client desire to retrieve file.

**NINE:** Client understands that this agreement is based upon assumption that Client has fully disclosed all relevant information and has not omitted or concealed any material fact. Client understands that Attorney cannot fully advise Client without full knowledge of Client's situation. Client understands that any deliberate and/or grossly negligent failure to disclose relevant information or concealment may constitute grounds for Attorney to withdraw from representing Client, and furthermore, may subject Client to civil and/or criminal sanctions.

**TEN:** Client shall immediately notify Attorney of any change of address, telephone number, or change in employment throughout the representation, and shall attend all required hearings.

**ELEVEN:** Client agrees that Attorney shall not be responsible for any repossessions and/or foreclosures which occur before or after the filing of the case.

**TWELVE:** Client agrees that any breach of this Agreement will permit Attorney to withdraw.

**CLIENT UNDERSTANDS THAT ATTORNEY CANNOT PREPARE/FILE THE CASE UNTIL CLIENT PROVIDES ALL REQUIRED INFORMATION AND PAYS REQUIRED FEES. AFTER CLIENT SUBMITS ALL INFORMATION AND PAYS ALL REQUIRED FEES, IT MAY TAKE FROM 5 TO 10 BUSINESS DAYS OR MORE TO HAVE ALL DOCUMENTS READY TO FILE. CLIENT UNDERSTANDS THAT THERE IS NO BANKRUPTCY PROTECTION FROM CREDITORS UNTIL THE CASE HAS ACTUALLY BEEN FILED. DURING THE TIME THAT THE CASE IS BEING PREPARED FOR FILING CREDITORS MAY REPOSSESS AND/OR FORECLOSE PROPERTY. I HAVE READ AND BEEN PROVIDED WITH A COPY OF THE ABOVE ATTORNEY REPRESENTATION AND FEE AGREEMENT AND UNDERSTAND ITS TERMS. THERE ARE NO OTHER AGREEMENTS, ORAL OR OTHERWISE, BETWEEN CLIENT AND ATTORNEY, UNLESS REDUCED TO WRITING. BY MY SIGNATURE BELOW, I AGREE TO BE BOUND BY ITS TERMS. CLIENT AGREES THAT NO REFUNDS ARE GIVEN FOR ANY ATTORNEY FEES/COSTS. ALL MINIMUM FEES REQUIRED TO FILE MUST BE PAID NO LATER THAN TEN (10) BUSINESS DAYS PRIOR TO ANY FORECLOSURE SALE OR PRIOR TO ANY REPOSSESSION OF PERSONAL PROPERTY OR ADDITIONAL RUSH FEES OF AT LEAST $500 OR MORE WILL BE REQUIRED AT ATTORNEY'S SOLE DISCRETION.**

Date: _02/06/2022 23:20 UTC_____

Client: _*carole coleman*_____
Print Name

Client: _____
Sign Name

/S/ David C. Gaffney
Attorney