# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CAROLE HAIRE COLEMAN** | ) | |
| | ) | **CASE NO. 22-00297-hb** |
| | ) | |
| | ) | **CHAPTER 13** |
| | ) | |
| **DEBTOR(S)** | ) | **NOTICE OF MOTION FOR RELIEF** |
| | ) | **FROM AUTOMATIC STAY** |
| | ) | **(11 U.S.C. § 362)** |
| | ) | |

TO: DEBTROR(S), TRUSTEE (if applicable) AND THOSE NAMED IN THE ATTATCHED MOTION:

PLEASE TAKE NOTICE THAT a hearing will be held on the attached Motion on:

**Date:** **MAY 17, 2022**
**Time:** **10:00AM**
**Place:** C.F. Haynsworth Federal Building& U.S. Courthouse
300 East Washington Street, Greenville, SC 29601

Within 14 days after service of the attached Motion, the Notice of Motion, the Movant's Certification of Facts (and a blank Certification of Facts for applicable to service on pro se parties only), any party objecting to the relief sought shall:

1) File with the Clerk a written objection to the 11 U.S.C. § 362 Motion;

2) File with the Clerk a Certification of Facts;

3) Serve on the Movant items 1 & 2 above the address shown below; and

4) File a certificate of such with the Clerk.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the court.

DATE OF SERVICE: APRIL 20, 2022

| | |
|---|---|
| MOVANT: | CELINK as servicer for AMERICAN ADVISORS GROUP |
| ATTORNEY: | /s/ J. Martin Page, Esq. |
| | J. Martin Page, #12098 |
| | Bell Carrington Price & Gregg, LLC |
| ATTORNEY'S ADDRESS: | 339 Heyward Street, Second Floor |
| | Columbia, SC 29201 |
| | Phone: 803-509-5078 |
| | mpage@bellcarrington.com |

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CAROLE HAIRE COLEMAN** | ) | |
| | ) | **CASE NO. 22-00297-hb** |
| | ) | |
| | ) | **CHAPTER 13** |
| | ) | |
| **DEBTOR(S)** | ) | **NOTICE OF 30 DAY WAIVER:** |
| | ) | **MOTION FOR RELIEF** |
| | ) | **FROM AUTOMATIC STAY** |
| | ) | **(11 U.S.C. § 362)** |
| | ) | |

**NOTICE OF WAIVER OF 362(e) 30 DAYS NOTICE**

In the event a hearing cannot be held within thirty (30) days from the filing of the motion as required by 11 U.S.C. Section 362, Movant, by and through counsel, waives this requirement and agrees to the next earliest possible date.

DATED:4/20/2022

/s/ J. Martin Page
James Martin Page, #48633
Bell Carrington Price & Gregg, LLC
339 Heyward Street, 2nd Floor
Columbia, SC 29201
Phone: 803-509-5078
mpage@bellcarrington.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CAROLE HAIRE COLEMAN** | ) | |
| | ) | **CASE NO. 22-00297-hb** |
| | ) | |
| | ) | **CHAPTER 13** |
| | ) | |
| **DEBTOR(S)** | ) | **MOTION FOR RELIEF** |
| | ) | **FROM AUTOMATIC STAY** |
| | ) | **(11 U.S.C. § 362)** |
| | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(11 U.S.C. § 362)**

CELINK as servicer for AMERICAN ADVISORS GROUP ("***CELINK***" or "***Creditor***" or "***Movant***") a secured creditor of the above Debtor(s), hereby moves this Court for relief from the Automatic Stay of 11 U.S.C. § 362(d)(1) and (2), by termination of the stay as to lender's collateral, on the following grounds:

1. Debtor(s) filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on February 07, 2022.

2. The Trustee of the Debtors' estate may claim an interest in the property which is the subject of this action commonly known as 211 Ole Simpson Place, Catawba, SC 29704 ("***Collateral***").

3. The debtor, CAROLE HAIRE COLEMAN, has indicated an interest as "Heir/Devisee" in the abovementioned property with a scheduled value of, two-hundred and thirty-five thousand United States Dollars. $235,000.00.

4. The Debtor's deceased spouse, STEPHEN R. COLEMAN ("***Borrower***") otherwise obligated with respect to that certain promissory in the original principal amount of $233, 874.93, dated June 7, 2013 ("***Note***").

5. On May 17, 2018, the Debtor and Borrower, executed, an Amended and Restated the mortgage with Movant.

6. The Amended Mortgage was recorded on July 11, 2018 in Book RB 17071 at Page 467, in the York County Registry. ("***Mortgage***").

7.  The Borrower has been deceased as of, September 23, 2019, and the Debtor has failed to make ongoing payments on the taxes and insurance.

8. The Lis Pendens was filed on August 10, 2018. The Amended Lis Pendens was filed on June 11, 2020.

9. On November 23, 2021 a Final Order: GRANTING foreclosure was entered by the York County Master in Equity.

10. CELINK services the debt agreement on the property referenced in this Motion for Relief. In the event the automatic stay is modified, this case dismisses, and/or the debtor obtains a discharge, and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of CELINK- AMERICAN ADVISORS GROUP Creditor is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan. Creditor, directly or through an agent, has possession of the Note.

11. The interest of Movant with respect to the mortgaged premises continues to worsen.

12. The estimated market value of the Collateral is $235,000.00. The basis for such valuation is Schedule A.

13. Upon information and belief as of February 1, 2022, the aggregate amount of encumbrances on the Collateral listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Creditor, is $233,874.93.

14. According to the Security Agreement, Movant is entitled to a reasonable fee and reimbursement of costs for the prosecution of this action.

15. Pursuant to 11 U.S.C. §362(d)(1), Movant believes it is entitled to an order modifying the automatic stay heretofore entered to the extent necessary to allow Movant to enter upon the Collateral, secure it and take any other remedial measures necessary to preserve the Collateral.

16. The movant agrees to waive any claim that may arise under 11 U.S.C. § 503(b) or 507(b) as a result of this Motion.

17. Movant requests an award of attorney's fees and costs pursuant to its Contract with Debtor(s).

WHEREFORE, Movant respectfully requests the entry of an Order:

1. That modifies the automatic stay and that allows CELINK as servicer for AMERICAN ADVISORS GROUP to immediately proceed to foreclose its security interest in the property described in this Motion and otherwise pursue any remedies available under state law to recover and liquidate its collateral; Plaintiff further prays that CELINK as servicer for AMERICAN ADVISORS GROUP by and through its agents, servicers, and representative be permitted to contact Debtor(s) and/or Debtor's counsel for the purpose of engaging in discussions and consideration  for  possible mitigation options, solutions and/or resolutions with regard  to the underlying mortgage and note, including but not limited to load modification or other loss mitigation alternatives.

2. That waives the effect of Bankruptcy Rule 4001 (a)(3); and

3. Provides for such other and further relief as the Court deems just and proper.

<u>APRIL 20, 2022.</u>

<u>/s/ J. Martin Page</u>
James Martin Page, #12098
Bell Carrington Price & Gregg, LLC
339 Heyward Street, Second Floor
Columbia, SC 29201
Phone: 803-509-5078
mpage@bellcarrington.com

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

IN RE:                                  )
                                        )
**CAROLE HAIRE COLEMAN**                )
                                        )          **CASE NO. 22-00297-hb**
                                        )
                                        )          **CHAPTER 13**
                                        )
            **DEBTOR(S)**               )          **CERTIFICATION OF FACTS:**
                                        )          **MOTION FOR RELIEF**
                                        )          **FROM AUTOMATIC STAY**
                                        )          **(11 U.S.C. § 362)**
_____ )

In the above-entitled case, in which relief by Carrington Mortgage Services, LLC from automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

1.  <u>Nature of Movant's Interest:</u> Movant holds the first mortgage on property located at 211 Ole Simpson Place, Catawba, SC 29704

2.  Brief Description of Security Agreement (copy attached):  Mortgage
                                        (reverse mortgage)

3.  <u>Description of Property Encumbered by Stay (Include serial number, lot and block number, etc.:</u>
    All that certain piece, parcel or lot of land lying, and being situate in the County of York, State of South Carolina and being shown and designated as Parcel A containing 2.32 acres, more or less, on a Plat of Property of John H. Haire, Sr. prepared by FisherShere, Inc., dated April 19, 2000 and recorded in the Office of the Clerk of Court for York County in Plat Book C-275 at Page 3. Reference is made to said plat for a more particular description as to metes and bounds.
    This being the same property as conveyed to Carole H. Coleman, John H. Haire, Jr., and Tammy H. Stanford in that certain Corrective Deed of Distribution dated April 25, 2011 and recorded on April 27, 2011 in Book 11958, at Page 60, in the York County Registry; thereafter Tammy H. Stanford, John H. Haire, Jr., and Carole H. Coleman conveyed to Stephen R. Coleman a twenty-five percent interest as evidenced by that certain Deed dated April 18, 2013 and recorded in Book 13359, at Page 233, on April 18, 2013 in the York County Registry; thereafter Tammy H. Stanford and John H. Haire, Jr. conveyed their remaining interest to Carole H. Coleman and Stephen R. Coleman as evidenced by that certain Deed dated July 11, 2013 and recorded July 17, 2013 in Book 13565 at Page 196, in the York County Registry.

    Parcel No. 691-00-00-051

Property Address: 211 Ole Simpson Place, Catawba, SC 29704

4. <u>Basis for Relief:</u> failure to maintain taxes and insurance, failure to qualify as a non-borrowing spouse under HUD requirements.

5. <u>Prior Adjudication by Other Courts, copy attached (Decree of foreclosure, Order for possession, Levy of execution, etc., if applicable:</u> N/A

6. <u>Valuation of Property, copy of Valuation attached:</u>

| | |
|---|---|
| Fair Market Value | $235,000.00 |
| Senior Liens | $0.00 |
| Movant's Lien | $233,874.93 (projected) |
| Other Liens | $0.00 |
| (Listed in order of priority) | |
| Net Equity | $1,125.07 |
| Source/Basis of Value | Schedule A/B |

7. <u>Amount of Debtor estimated equity (using figures from paragraph 6):</u> $1,125.07

8. <u>Month and Year in which first direct post-petition payment came due to Movant (if applicable):</u> N/A

9. (a) <u>For Movant/ Lienholder (if applicable): list or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount and month and year of which each such payment was applied.</u>[1]

   (b) <u>For Objecting party (if applicable): list or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.</u>

10. <u>Month and year for which post-petition account of Debtor(s) is due as of the date of this Motion:</u> N/A

<u>DATED: APRIL 20, 2022</u>

/s/ J. Martin Page
James Martin Page, #12098
Bell Carrington Price & Gregg, LLC
339 Heyward Street, Second Floor
Columbia, SC 29201
Phone: 803-509-5078
mpage@bellcarrington.com

---

[1] This requirement may not be met by the attachment of a payable history generated by the Movant such attachment may be utilized as a supplement to a complete and detailed response to (9)(a) above, which should be shown on this certification.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:                                          C/A No. 22-00297

CAROLE HAIRE COLEMAN                            Chapter 13

                                 Debtor(s).     **ORDER GRANTING RELIEF FROM
                                                AUTOMATIC STAY**

This matter is before the Court on motion (dkt. #____) of CELINK-American Advisors Group
("Movant") seeking relief from the automatic stay.  The Movant has waived claims arising
under 11 U.S.C. §§ 503(b), 507(b).  Based upon the certification of Movant the motion is
granted and it is

ORDERED that the automatic stay is lifted as to:  211 Ole Simpson Place, Catawba, SC 29704
(the "collateral").  Movant may send any required notice to Debtor(s) and proceed with its
remedies against the collateral.

☑   IT IS FURTHER ORDERED, that upon Debtor's failure to object to movant's request
     regarding the Fed. R. Bankr. P. 4001(a)(3) stay, this order is effective immediately.

**AND IT IS SO ORDERED**

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

STATE OF SOUTH CAROLINA

COUNTY OF YORK

American Advisors Group,

     Plaintiff,

vs.

Stephen R. Coleman, Citifinancial, Inc., The United
States of America, acting by and through its agent,
the Secretary of Housing and Urban Development,
Carole H. Coleman,

     Defendant(s).

BCP No.: 16-48794

IN THE COURT OF COMMON PLEAS

C/A No.: 2018-CP-46-02384

**ORDER OF FORECLOSURE AND SALE**

(Deficiency Judgment Waived)

Pursuant to Rule 53 of the South Carolina Rules of Civil Procedure (hereinafter "SCRCP"), the above-entitled matter was referred to the undersigned to make appropriate findings of fact and conclusions of law, with authority to enter a final Judgment in the cause. Any appeal from the decision shall be directly to the South Carolina Court of Appeals. Pursuant to the said reference, a hearing was held on November 22, 2021, attended by D. Max Sims, attorney for Plaintiff; and Defendant, Carole H. Coleman. Exhibits filed by Plaintiff on September 20, 2021 were received into evidence, and from the evidence, I find and conclude as follows:

## FINDINGS OF FACT

1. The Lis Pendens was filed on August 10, 2018. The Amended Lis Pendens was filed on June 11, 2020.

2. The Summons and Complaint were filed on August 10, 2018. The Amended Summons and Complaint were filed on June 11, 2020.

3. Service was made upon the Defendants named in this Report as is shown by the proofs of service filed herein.

4. According to an Affidavit filed herein, no Defendant in default is in the military service of the United States of America, as contemplated under the Servicemembers' Civil Relief Act fka Soldiers' and Sailors' Civil Relief Act of 1940, and any amendments thereto.

1

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

5. Heretofore, Stephen R. Coleman (hereinafter, "Borrower(s)") made, executed, and delivered to American Advisors Group (hereinafter, "Payee") a certain Promissory Note dated June 7, 2013, in writing (hereinafter, "Note"), wherein and whereby Borrower(s) promised to pay to American Advisors Group, the principal sum of $233,250.00 together with interest at the initial rate of 5.060% per annum on the unpaid balance; said principal and interest being payable in monthly installments thereafter until the said Note is fully paid.

6. In order to secure the payment of said Note, the said Stephen R. Coleman (hereinafter, "Mortgagor(s)"), did make, execute, and deliver to Mortgage Electronic Registration Systems, Inc. as nominee for American Advisors Group, its successors and assigns, a certain mortgage dated June 7, 2013, thereafter, the Mortgage was Amended and Restated by Stephen R. Coleman and Carole H. Coleman to American Advisors Group dated May 17, 2018, in the York County Registry (hereinafter, "Subject Mortgage") securing the below described real property, including any and all improvements to the property, located in the County and State aforesaid (hereinafter, "Subject Property"):

All that certain piece, parcel or lot of land lying, and being situate in the County of York, State of South Carolina and being shown and designated as Parcel A containing 2.32 acres, more or less, on a Plat of Property of John H. Haire, Sr. prepared by FisherShere, Inc., dated April 19, 2000 and recorded in the Office of the Clerk of Court for York County in Plat Book C-275 at Page 3. Reference is made to said plat for a more particular description as to metes and bounds.

This being the same property as conveyed to Carole H. Coleman, John H. Haire, Jr., and Tammy H. Stanford in that certain Corrective Deed of Distribution dated April 25, 2011 and recorded on April 27, 2011 in Book 11958, at Page 60, in the York County Registry; thereafter Tammy H. Stanford, John H. Haire, Jr., and Carole H. Coleman conveyed to Stephen R. Coleman a twenty-five percent interest as evidenced by that certain Deed dated April 18, 2013 and recorded in Book 13359, at Page 233, on April 18, 2013 in the York County Registry; thereafter Tammy H. Stanford and John H. Haire, Jr. conveyed their remaining interest to Carole H. Coleman and Stephen R. Coleman as evidenced by that certain Deed dated July 11, 2013 and recorded July 17, 2013 in Book 13565 at Page 196, in the York County Registry.

*Parcel No.*          691-00-00-051
*Property Address:*   211 Ole Simpson Place
                     Catawba, SC 29704

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

7. The Subject Mortgage was recorded on July 11, 2018 in Book RB 17071 at Page 467, in the York County Registry.

8. Thereafter, the Subject Mortgage was assigned to American Advisors Group by assignment recorded January 26, 2016 in Book 15411 at Page 151.

9. The Subject Mortgage evidences and secures the repayment of money advanced by the original lender to, or on behalf of, the Mortgagor(s) and constitutes a valid first lien on the Subject Property.

10. This loan is not subject to the Home Affordable Modification Program (hereinafter, "the HAMP") because, according to testimony, this loan is not owned or guaranteed by Fannie Mae, nor is it owned or guaranteed by FHLMC, nor has the Servicer signed an agreement to participate in the HAMP.

11. Furthermore, Plaintiff complied with Administrative Order 2011-05-02-1 issued by the South Carolina Supreme Court.

12. The Borrower(s) failed to pay taxes and insurance on the Subject Property as required by the loan documents, and the Plaintiff, as the holder thereof, has elected to accelerate payment of the entire indebtedness and has placed the Note and Mortgage in the hands of its attorney of record herein for collection.

13. Having considered the nature, extent and difficulty of the services rendered (the field of mortgage foreclosures being a specialized area of practice); the time involved in reviewing the various loan documents, performing the title search, preparing the pleadings and preparing for and attending hearings; the professional standing of the Plaintiff's attorney; the fee customarily charged in this jurisdiction for similar services; and the beneficial results obtained for the Plaintiff, I find that the sum of $3,050.00 is a reasonable attorney's fee for the Plaintiff's attorney for services performed and anticipated to be performed until final adjudication of the within action, under the terms of the note and mortgage. Services anticipated to be performed until final adjudication contemplates completion of this matter within a reasonable time and does not include exceptional, unanticipated circumstances delaying conclusion beyond the normal time.

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

14. The amount due and owing on the Note and Mortgage, with interest at the rate provided in the Note, and other costs and expenses of collection, including attorney's fees, secured by the Note and Mortgage, is as follows:

| | |
|---|---|
| Principal Balance: | $94,586.60 |
| Accrued Interest good through 08/31/21: | $63,838.65 |
| (At a rate of 5.060% per annum) | |
| Per Diem Interest from 09/01/21 through 11/22/21: | $1,088.13 |
| (At a daily rate of $13.11) | |
| Mortgage Insurance Premiums (MIP): | $18,880.48 |
| Taxes: | $23,289.00 |
| Insurance: | $6,605.00 |
| Appraisals: | $1,600.00 |
| Inspections: | $1,502.00 |
| Preservation: | $423.48 |
| Prior Attorney Fees & Costs: | $920.00 |
| Attorneys' Fees and Costs: | $8,123.42 |
| TOTAL: | $220,856.76 |

15. Thus, the total Debt secured by Note and Mortgage, including interest to date is $220,856.76. Interest for the period from the date shown above through the date of this judgment, at above stated rate, to be added to the above stated "Total Debt" to comprise the amount of the Judgment debt entered herein, and interest after the date of Judgment at the rate of 5.060% per annum, the Note's current rate, pursuant to the terms of the Note and Mortgage on the judgment debt should be added to such judgment debt to comprise the amount of the Plaintiff's debt secured by the Mortgage through the date to which such interest is computed.

16. The Plaintiff waives its rights to a deficiency judgment.

17. At the time of the filing of the Lis Pendens in this matter, the record owner of the property was Stephen R. Coleman.

18. Information having been obtained from the records of York County, South Carolina, the Defendant(s) below named has/have or may claim to have some interest in or lien upon the Subject Property by virtue of the matters and things herein below alleged, to-wit:

    A.    The Defendant, United States of America acting by and through its agency the Secretary of Housing and Urban Development, may have or claim to have some interest in the

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

subject property by virtue of that certain mortgage recorded June 21, 2013 in Book 13505 at Page 256. Any interest said defendant possesses in the Subject Property is junior and subordinate to the Subject Mortgage and is hereby removed from title to the subject property after the judicial sale.

B.      The Defendant, CitiFinancial Servicing, LLC, may have or claim to have some interest in the subject property by virtue of those certain judgment liens recorded March 19, 2013 in C/A No.: 2013-CP-46-00858 and August 9, 2013 in C/A No.: 2013-CP-46-00858. Any interest said defendant possesses in the Subject Property is junior and subordinate to the Subject Mortgage and is hereby removed from title to the subject property after the judicial sale.

## CONCLUSIONS OF LAW

1.  This action is not stayed by the May 4, 2009 order of the Honorable Jean Hoefer Toal, Chief Justice of the South Carolina Supreme Courts in the matter identified as *In Re: Federal Mortgage Association ("Fannie Mae") Loans Subject to Foreclosure Sale*, or the Administrative Order executed by the Honorable Jean Hoefer Toal, Chief Justice of the South Carolina Supreme Court, in the matter identified as *In re: Mortgage Foreclosures and the home Affordable modification Program (HMP)*, on May 22, 2009.

2.  This action is not stayed by the May 2, 2011 Administrative Order of the Honorable Jean Hoefer Toal, Chief Justice of the South Carolina Supreme Court concerning "Owner-occupied dwellings".

3.  The Plaintiff should have judgment of foreclosure of its Mortgage; and the Property should be ordered sold at public auction after due advertisement.

4.  That there is due to the Plaintiff on its Note and Mortgage the sum of $220,856.76, representing the Total Debt due to the Plaintiff as outlined above, together with interest thereon at the rate provided in the Note to the date hereof.

5.  That the amount due in the preceding paragraph (the "Total Debt") and later accrued interest and costs shall constitute the total judgment debt due to the Plaintiff and shall bear interest hereafter at the rate of 5.060% per annum, the current interest rate of the Note.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.  The Plaintiff is authorized to sell the subject property.

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

2.  That the Defendant(s) liable for the aforesaid Mortgage debt shall, prior to the date and time of the sale of the Property, hereinafter described, pay to the Plaintiff, or the Plaintiff's attorney, the amount of the Plaintiff's debt as aforesaid, together with the costs and disbursements of this action.

3.  That on default of payment prior to the date and time of the sale, the Subject Property, hereinafter described, shall be sold by the undersigned at public auction, at the York County Courthouse, York County and State aforesaid, on some convenient sales day hereafter, on the following terms, that is to say:

    a.  FOR CASH: The undersigned shall require a deposit of 5% on the amount of the bid (in cash or equivalent) the same to be applied on the purchase price only upon compliance with the bid, but in case of non-compliance within twenty (20) days the same to be forfeited and applied to the costs and then to the Plaintiff's debt.
    b.  Interest on the balance of the bid shall be paid to the day of compliance at the rate of 5.060% per annum, which is the Note's current interest rate.
    c.  The sale shall be subject to taxes and assessments, existing easements and restrictions of record, and any other senior encumbrances.
    d.  The Plaintiff having waived its rights to a deficiency judgment, the sale shall be final.
    e.  Upon the purchaser's compliance with the terms of the sale, the Court shall execute a good and sufficient deed of conveyance to the premises, and the purchaser shall thereby be entitled to possession of the Subject Property.

4.  If the Plaintiff is the successful bidder at the said sale, for a sum not exceeding the amount of costs, expenses and the indebtedness of the Plaintiff in full, the Plaintiff may pay to the undersigned only the amount of the costs and expenses, crediting the balance of the bid on the Plaintiffs indebtedness.

5.  The Plaintiff, or any other party to this action, or any other person may become a purchaser at such sale. If such sale is made to anyone other than the Plaintiff or its assignee, should the successful bidder, or his assignee, fail to comply with the terms thereof within twenty (20) days after the date of sale, then the undersigned may re-advertise the Property for sale on the next, or some other subsequent, sales day, at the risk of the highest bidder, and so on from time to time thereafter until a full compliance shall be secured.

6.  In the event an agent of the Plaintiff does not appear at the time of sale, the within property shall be withdrawn from sale and sold at the next available sales date upon the terms and conditions as

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

set forth in the Judgment of Foreclosure and Sale or such terms as may be set forth in a supplemental order.

7. That the undersigned shall apply the proceeds of the sale as follows:

    a. FIRST: To the payment of the amount of the costs and expenses of this action, including any Guardian Ad Litem fee or fees of attorneys appointed under Order of Court; and

    b. NEXT: To the payment of the amount to the Plaintiff, or the Plaintiffs Attorney, of the amount of the Plaintiff's debt and interest (including attorney fees) or so much thereof as the purchase money will pay on the same; and

    c. NEXT: Any surplus will be held pending further Order of this Court pursuant to Rule 71(c), SCRCP.

8. Each Defendant named herein, and all persons whomsoever claiming under him, them or it, be forever barred and foreclosed of all right, title, interest and equity of redemption in the said mortgaged premises so sold, or any part thereof.

9. The deed of conveyance made pursuant to this judgment and said sale shall contain the names of only the Plaintiff, the first-named Defendant, who was the title holder of the mortgaged property at the time of the filing of the Lis Pendens, and the Grantee; and that the York County Register of Deeds is hereby authorized to omit from the indices pertaining to such conveyance the names of all parties not contained in said deed.

10. In the event the successful bidder to whom the deed of conveyance has been issued subsequent to the sale is other than the Defendants in possession herein, the Sheriff of York County may be ordered and directed to eject and remove from the premises the occupants of the property sold, together with all personal property located thereon, and put the successful bidder to whom the deed of conveyance has been issued or his assigns in full, quiet and peaceable possession of said premises without delay, and to keep said successful bidder or his assigns in such peaceable possession.

11. After the Order Confirming Sale and Disbursements has been issued and filed, the undersigned directs the Register of Deeds to release of record the lien(s) being foreclosed, which lien(s) are described in the Findings of Fact herein above.

12. The following is a description of the Property herein ordered to be sold:

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

All that certain piece, parcel or lot of land lying, and being situate in the County of York, State of South Carolina and being shown and designated as Parcel A containing 2.32 acres, more or less, on a Plat of Property of John H. Haire, Sr. prepared by FisherShere, Inc., dated April 19, 2000 and recorded in the Office of the Clerk of Court for York County in Plat Book C-275 at Page 3.  Reference is made to said plat for a more particular description as to metes and bounds.

This being the same property as conveyed to Carole H. Coleman, John H. Haire, Jr., and Tammy H. Stanford in that certain Corrective Deed of Distribution dated April 25, 2011 and recorded on April 27, 2011 in Book 11958, at Page 60, in the York County Registry; thereafter Tammy H. Stanford, John H. Haire, Jr., and Carole H. Coleman conveyed to Stephen R. Coleman a twenty-five percent interest as evidenced by that certain Deed dated April 18, 2013 and recorded in Book 13359, at Page 233, on April 18, 2013 in the York County Registry; thereafter Tammy H. Stanford and John H. Haire, Jr. conveyed their remaining interest to Carole H. Coleman and Stephen R. Coleman as evidenced by that certain Deed dated July 11, 2013 and recorded July 17, 2013 in Book 13565 at Page 196, in the York County Registry.

*Parcel No.*            691-00-00-051
*Property Address:*     211 Ole Simpson Place
                        Catawba, SC 29704

AND IT IS SO ORDERED.

SIGNATURE PAGE TO FOLLOW

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

**FORM 4**

**STATE OF SOUTH CAROLINA**        **JUDGMENT IN A CIVIL CASE**
**COUNTY OF York**
**IN THE COURT OF COMMON PLEAS**     **CASE NO. 2018-CP-46-02384**

American Advisors Group        Stephen R. Coleman, Citifinancial, Inc., The
United States of America, acting by and through its
Plaintiff(s)                agent, the Secretary of Housing and Urban
Development, Carole H. Coleman,

                                      Defendant(s)
Submitted By:  J. Martin Page, Esq.      Attorney for: ☒ Plaintiff ☐ Defendant
               339 Heyward St., 2nd Floor                 or
               Columbia, SC  29201                 ☐ Self-Represented Litigant
               File No.: 16-48794

### DISPOSITION TYPE (CHECK ONE)

☐     **JURY VERDICT**.  This action came before the court for a trial by jury.  The
issues have been tried and a verdict rendered.

☒     **DECISION BY THE COURT**.  This action came to trial or hearing before the court.  The issues
have been tried or heard and a decision rendered.

☐     **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP
(Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other: _____

☐     **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding
Arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other:
_____.

☐     **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*):
☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other: _____.
NOTE:  ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT,
TRIBUNAL, OR ADMINSTRATIVE AGENCY OF THE CIRCUIT COURT RULING ON
THIS APPEAL.

**IT IS ORDERED AND ADJUDED:** ☒ See attached order (formal order to follow);  ☐ Statement of
Judgment by the Court: _____.

### ORDER INFORMATION

This order ☒ ends ☐ does not end the case.
Additional Information for the Clerk: _____Property to be sold at sale_.

---

| **INFORMATION FOR THE PUBLIC INDEX** |
| --- |
| **Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled.  If there is no judgment information, indicate "N/A" in one of the boxes below.** |

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP46602384

| Judgment in Favor of (List name(s) below) | Judgment Against (List name(s) below) | Judgment Amount To be Enrolled (List amount(s) below) |
|---|---|---|
| American Advisors Group | N/A | N/A |

If applicable, describe the property, including tax map information and address, referenced in the order:

All that certain piece, parcel or lot of land lying, and being situate in the County of York, State of South Carolina and being shown and designated as Parcel A containing 2.32 acres, more or less, on a Plat of Property of John H. Haire, Sr. prepared by FisherShere, Inc., dated April 19, 2000 and recorded in the Office of the Clerk of Court for York County in Plat Book C-275 at Page 3. Reference is made to said plat for a more particular description as to metes and bounds.

This being the same property as conveyed to Carole H. Coleman, John H. Haire, Jr., and Tammy H. Stanford in that certain Corrective Deed of Distribution dated April 25, 2011 and recorded on April 27, 2011 in Book 11958, at Page 60, in the York County Registry; thereafter Tammy H. Stanford, John H. Haire, Jr., and Carole H. Coleman conveyed to Stephen R. Coleman a twenty-five percent interest as evidenced by that certain Deed dated April 18, 2013 and recorded in Book 13359, at Page 233, on April 18, 2013 in the York County Registry; thereafter Tammy H. Stanford and John H. Haire, Jr. conveyed their remaining interest to Carole H. Coleman and Stephen R. Coleman as evidenced by that certain Deed dated July 11, 2013 and recorded July 17, 2013 in Book 13565 at Page 196, in the York County Registry.

*Parcel No.*                   691-00-00-051
*Property Address:*       211 Ole Simpson Place
                                      Catawba, SC 29704

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk.
**Note: Title abstractors and researchers should refer to the official court order for judgment details.**
**E-Filing Note: In E-Filing counties, the Court will electronically sign this form using a separate electronic signature page.**

_____     _____     _____

Circuit Court Judge/Special Referee                    Judge Code                        Date

**For Clerk of Court Office Use Only**

This judgment was entered on the ____ day of _____, 20___ and a copy mailed first class or placed in the appropriate attorney's box on this _____ day of _____, 20____ to attorneys of record or to parties (when appearing pro se) as follows:

10

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

| | |
|---|---|
| J. Martin Page, Esq.,<br>339 Heyward St., 2nd Floor<br>Columbia, SC  29201<br>Attorney(s) for the Plaintiff | Stephen R. Coleman<br>211 Ole Simpson Place<br>Catawba, SC 29704<br><br>Citifinancial, Inc.<br>c/o Nikole D. Haltiwanger, Esq.<br>P.O. Box 11412<br>Columbia, SC 29211<br><br>The United States of America, acting by and through<br>its agent, the Secretary of Housing and Urban<br>Development<br>c/o George J. Conits, Esq.<br>55 Beattie Place, Suite 700<br>Greenville, SC 29601<br><br>Carole H. Coleman<br>c/o David C. Gaffney, Esq.<br>P.O. Box 3966<br>West Columbia, SC 29171-3966<br><br>Carole H. Coleman<br>211 Ole Simpson Place<br>Catawba, SC 29704 |

_____
**CLERK OF COURT**

Court Reporter: _____

E-Filing Note:  In E-Filing counties, the date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties.  The clerk will mail a copy of the judgment to the parties who are not E-Filers or who are appearing pro se.  See Rule 77(d), SCRCP.

ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1.

This action came to trial or hearing before the court.  The issues have been tried or heard and a decision rendered.

_____

_____

_____



York Common Pleas

**Case Caption:**    American Advisors Group VS Stephen R Coleman , defendant, et al

**Case Number:**    2018CP4602384

**Type:**    Master/Order/Foreclosure & Sale and Form 4

So Ordered

s/ Teasa K. Weaver 3084

Electronically signed on 2021-11-23 14:13:35    page 12 of 12

ELECTRONICALLY FILED - 2021 Nov 23 2:16 PM - YORK - COMMON PLEAS - CASE#2018CP4602384

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CAROLE HAIRE COLEMAN** | ) | |
| | ) | **CASE NO. 22-00297-hb** |
| | ) | |
| | ) | **CHAPTER 13** |
| | ) | |
| **DEBTOR(S)** | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the MOTION FOR RELIEF FROM AUTOMOTIC STAY, NOTICE OF MOTION, CERTIFICATION OF FACTS AND CERTIFICATE OF SERVICE in the above captioned case were this day served upon the below named persons by mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

*Debtor*
Carole Haire Coleman
211 Ole Simpson Pl
Catawba, SC 29704

*Debtor's Attorney*
David C. Gaffney Gaffney Law Firm, P.A.
PO Box 3966
West Columbia, SC 29171

*Trustee*
Gretchen D. Holland
20 Roper Corners Circle, Suite C
Greenville, SC 29615

*U.S. Trustee*
US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201

DATED: APRIL 20, 2022

/s/ J. Martin Page
James Martin Page, #12098
Bell Carrington Price & Gregg, LLC
339 Heyward Street, Second Floor
Columbia, SC 29201
Phone: 803-509-5078
mpage@bellcarrington.com